UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SPRING LAKE PORK, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19 CV 18 CDP |
| ) | |
| GREAT PLAINS MANAGEMENT, ) | |
| LLC, ) | |
| ) | |
| Defendant and Third-Party ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SWINE MANAGEMENT SERVICES, ) | |
| LLC, ) | |
| ) | |
| Third-Party Defendant. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Spring Lake Pork (SLP) brings contract and tort actions against Great Plains Management (GPM), which had entered a "Management Agreement" with plaintiff relating to the operation of a pig farm and breeding facility in Curryville, Missouri. Great Plains in turn filed a counterclaim against Spring Lake. Great Plains also filed a third-party complaint against Swine Management Services (SMS), seeking indemnity and/or contribution in the event it is found liable to Spring Lake. Great Plains alleges that Swine Management also performed

management services for Spring Lake, and did so negligently, thus causing the damages that Spring Lake seeks from Great Plains. Swine Management moves to dismiss the third-party complaint under Fed. R. Civ. P. 12(b)(6).[1] Having reviewed GPM's third-party complaint in light of the relevant standard,[2] I will permit its claim to proceed.

To state a claim for negligence under Missouri law, "the plaintiff must allege that the defendant had a duty of care to protect the plaintiff from injury, the defendant failed in performing the duty, and the defendant's failure proximately caused harm to the plaintiff." *A.O.A. v. Rennert*, 350 F. Supp. 3d 818, 840 (E.D. Mo. 2018) (citing *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 155

---

[1] This case is complicated procedurally because after the briefing on Swine Management's motion to dismiss the third-party complaint concluded, Spring Lake was granted leave to amend its complaint [ECF 31]. Great Plains and the newly-added defendants have not yet responded to Spring Lake's amended complaint. However, Great Plains' third-party complaint against Swine Management remains pending and is not dependent on the response Great Plains will file against Spring Lake's amended complaint, so it is appropriate that I rule now on Swine Management's motion to dismiss the third-party complaint.

[2] When considering a Rule 12(b)(6) motion, I assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). It need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of the claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

(Mo. banc 2000)). Great Plains alleges Spring Lake retained Swine Management to "perform certain management services" at SLP's facility, and that its managerial role "was at all times superior to that of GPM . . . ." *Id.* GPM further alleges SMS acted negligently in four different ways,[3] and that SMS's negligence proximately caused SLP's damages.

In opposition, Swine Management contends that it did not owe any duty of care to Spring Lake regarding the management of the facility. Swine Management filed, in support of its motion, a "Service Agreement" between it and SLP, which SMS contends shows that its role was limited to "[providing] production and financial *reports*—nothing more." ECF 20 at pg. 5; *see* Service Agreement, ECF 21-1, Ex. A. Alternatively, Swine Management alleges that Great Plains was "the exclusive manager of [Spring Lake's facility]" under the contract between SLP and GPM, so any duty SMS may have owed (or breached) to SLP was independent of GPM's contractual obligations.

First, to the extent GPM argues that I cannot consider the service agreement on this motion to dismiss, GPM is incorrect. Courts may consider documents

---

[3] Specifically, GPM alleges SMS 1) negligently failed to manage the facility to avoid the development of PRRS, stray voltage, and contaminated water; 2) negligently established unreasonable production goals; 3) negligently failed to prevent the provision of contaminated water to the pig population; and 4) negligently failed to manage SLP's facility in a manner necessary to meet productivity and profitability goals and projections.

3

"necessarily embraced by the complaint," *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012), as well as documents "incorporated by reference, or integral to the claim" in assessing a 12(b)(6) motion to dismiss. *See Dittmer Properties, L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013) (quoting *Miller v. Redwood Toxicology Lab., Inc.,* 688 F.3d 928, 931 n. 3 (8th Cir. 2012). "[T]he contracts upon which [a] claim rests . . . are evidently embraced by the pleadings." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir. 2003); *see also Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss."). GPM's third-party complaint alleges that the services Swine Management performed for Spring Lake "were either defined by a contract between SLP and SMS or otherwise agreed upon by those parties." ECF 8 at p. 28, ¶4. This is sufficient to "reference" the service agreement, so I may consider it and need not convert SMS's motion to dismiss into a motion for summary judgment. *See Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014).

But the service agreement does not dictate the outcome of this motion. Assuming the truth of Great Plains' factual allegations and giving GPM the benefit of all reasonable inferences, GPM has alleged sufficient facts to support a reasonable inference that SMS can be held liable for the alleged negligent acts.

Neither Swine Management's service agreement with Spring Lake, nor the agreement between SLP and GPM, establish that SMS's responsibilities at SLP's facility were exclusively limited to generating reports. Moreover, the third-party complaint alleges that "SMS performed a role at the Facility which was at all times superior to that of GPM and performed services which had a direct impact upon the productivity and profitability of the Facility." ECF 8 at p. 29, ¶ 5. Great Plains alleges that it cannot be more specific without discovery, but it represents in its brief that it already has emails and other documents that provide support for the allegations. These allegations are sufficient for the third-party claim to proceed; a party is not required to prove its allegations in its pleadings, and Swine Management's service agreement cannot, on its own, form a basis for dismissal of the third-party complaint.

In sum, the existence and scope of Swine Management's managerial duties at Spring Lake's facility, as well as the interrelation and hierarchy between the respective obligations of Great Plains and Swine Management pertaining to the services they performed at the facility, involve factual questions which are more properly resolved after the parties have had a full opportunity to conduct discovery.

Accordingly,

**IT IS HEREBY ORDERED** that third-party defendant Swine Management Services' Motion to Dismiss [19] is **DENIED**.

The Rule 16 scheduling conference remains set for **December 20, 2019** at 10:30 AM. Third-party defendant is reminded of its obligation to answer the third-party complaint within the time set by the rules.

_/s/ Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2019.