UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| SPRING LAKE PORK, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:19 CV 18 CDP |
| | ) | |
| GREAT PLAINS MANAGEMENT, L.L.C., et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SWINE MANAGEMENT SERVICES, LLC, | ) | |
| | ) | |
| Third Party Defendant. | ) | |

## MEMORANDUM AND ORDER

The parties have filed a variety of confusing discovery motions.

Plaintiff filed two motions to quash subpoenas served on non-parties but failed to certify, as required by E. D. Mo. Local Rule 3.04(A), that it had attempted to meet and confer with defendants in an attempt to resolve the dispute with regard to either motion. Defendants responded to one of the motions to quash (the one directed to Northeast Veterinary Service, et al., ECF 88) with a motion to strike, and also indicated they were willing to compromise on that

discovery dispute.  Plaintiff did not file any response to the defendants' brief, so I cannot tell whether the parties may have actually reached a compromise, nor can I tell whether these lawyers ever actually spoke to one another about the disputes. Additionally, the subpoenaed non-parties, Northeast Veterinary Service, et al., filed their own motion to quash and then later filed a motion to withdraw that motion, saying they had reached agreement with defendants about the subpoena. Plaintiff made no response to that motion, so I cannot tell from the record whether plaintiff or anyone else still seeks relief related to that subpoena or whether the parties have resolved the dispute.  I will deny that motion to quash without prejudice because plaintiff  failed to comply with Local Rule 3.04(A) and does not appear to have attempted to resolve this dispute before seeking relief from the Court.

There is also no certification from plaintiff that it attempted to resolve the dispute that is the subject of the second motion to quash, issued to non-party FCS Financial, who apparently provided financing to plaintiff and its principals. Defendants argue that the motion to quash should be denied for that reason, but also argue about the scope of a protective order that defendants contend would solve the problem presented by that motion, although I cannot tell if that is correct because plaintiff's motion also complained about the scope of the requests.  I will

2

also deny this motion without prejudice for failure to comply with Local Rule 3.04(A).  As I am also entering a Protective Order today, perhaps that will help the parties resolve this dispute without requiring further Court intervention.

Plaintiff and the Third-Party Defendant filed a joint motion for protective order, which attached both their jointly proposed protective order and the defendants' proposed protective order.  Defendants responded that their simplified proposal was adequate, and that plaintiff and third-party defendant had not met their burden of showing that the more extensive protections contained in their proposed order were necessary.  I agree with defendants that the protective order proposed by plaintiff and third-party defendant is overly complicated and contains measures that are not warranted under the circumstances of this case.  Defendants' proposal, on the other hand, is overly simplistic and fails to deal with such basic things as whether the third-party defendant in this case would have access to materials designated as confidential by either plaintiff or defendants.

I have, therefore, created a different protective order that contains elements of both proposals.  If all three groups of parties to this case wish to agree on a different protective order, I would be happy to substitute it.  But plaintiff and the third-party defendant have adequately shown that some of the discovery in this

3

case should be protected from public disclosure, and defendants do not seriously contend otherwise.

Finally, I will grant the parties' joint motion to extend some of the deadlines in this case, and a Second Amended Case Management Order is also entered separately.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to quash [88, 89] are denied without prejudice.

**IT IS FURTHER ORDERED** that non-party Northeast Veterinary Service, Inc., Passion for Pigs and Stephen D. Patterson's motion to withdraw [101] its motion to quash is granted and the motion to quash [98] is denied as moot.

**IT IS FURTHER ORDERED** that defendants' motion to strike [99] is denied.

**IT IS FURTHER ORDERED** that plaintiff and third-party defendant's joint motion for protective order [100] is granted in part and denied in part and a Protective Order is entered separately this same date.

**IT IS FURTHER ORDERED** that the parties' joint motion to extend certain Case Management Order deadlines [105] is granted and a Second Amended Case Management Order is entered this same date.

                                                        */s/ Catherine D. Perry*
                                                        CATHERINE D. PERRY
                                                        UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2020.