UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SPRING LAKE PORK, LLC,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>GREAT PLAINS MANAGEMENT,  )<br>L.L.C., et al.,  )<br>)<br>Defendants,  )<br>)<br>vs.  )<br>)<br>SWINE MANAGEMENT SERVICES,  )<br>LLC,  )<br>)<br>Third Party Defendant.  ) | Case No. 2:19 CV 18 CDP |

## **MEMORANDUM AND ORDER**

Pending before the Court is Third-Party Defendant Swine Management Services' ("SMS") Motion to Approve Settlement and Dismiss the Third-Party Complaint [ECF 121]. Plaintiff Spring Lake Pork ("SLP") has joined Swine Management's motion [ECF 125], and Swine Management has additionally filed an *Ex Parte* Motion [ECF 130] containing the confidential release agreement negotiated between the two parties. Defendant and Third-Party Plaintiff Great Plains Management ("GPM") has not responded to these motions, nor otherwise

objected to the proposed settlement agreement. Good cause appearing, I will approve the settlement and dismiss Great Plains' third-party complaint.

## Background[1]

On December 17, 2019, Great Plains filed an Amended Third-Party Complaint against Swine Management. ECF 54. The Amended Third-Party Complaint alleged that Spring Lake retained Swine Management to perform certain managerial services on Spring Lake's facility, and that Swine Management negligently performed said services, proximately causing Spring Lake's alleged damages. Great Plains asserted: "[I]n the event GPM is found liable for SLP's alleged damages . . . GPM is entitled to indemnity or in the alternative contribution from SMS because SMS acted negligently . . . proximately [causing] SLP's alleged damages." *Id*. at 33. On December 30, 2019, Swine Management answered the Amended Third-Party Complaint and denied any liability to Spring Lake or Great Plains. ECF 60.

## Analysis

Although Spring Lake did not assert any claims against Swine Management, these two parties indicate that they have been engaged in settlement negotiations

---

[1] For a fuller explanation of the factual and procedural background of this case, *see* Memorandum and Order, ECF 49; Memorandum and Order, ECF 109 at pg. 2-3.

and have reached an agreement to release Swine Management from the lawsuit pursuant to Missouri's joint tortfeasor release statute, § 537.060 RSMo, which provides:

> When in agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one or more persons liable in tort for the same injury or wrongful death, such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide; however, such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater. The agreement shall discharge the tort-feasor to whom it is given from all liability for contribution or noncontractual indemnity to any other tort-feasor.

§ 536.070 RSMo.  The intent of § 537.060 "is to encourage settlements between tort-feasors and injured claimants—with the incentive being a settling tort-feasor can put the incident to rest and will not be subject to a later action for contribution." *Grantham v. Wal-Mart Stores, Inc.*, 2011 U.S. Dist. LEXIS 160365, *7 (citation omitted).  Because settlements are favored as a matter of public policy, the Court reviews such joint tortfeasor release agreements only to the extent necessary "to reach a reasoned judgment that the agreement is not a product of fraud or overreaching by, or collusion between, negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *E.E.O.C. v. McDonnell Douglas Corp.*, 894 F. Supp. 1329, 1333 (E.D. Mo. 1995) (citation omitted).  Accordingly, while the statute provides that the agreement must be made "in good faith," Courts have interpreted this language to refer to the good

3

faith of the joint tortfeasor in entering into a settlement with the plaintiff, "and not to any resulting impairment of the future contribution rights of the joint tortfeasor . . . ." *State ex rel. Sharma v. Meyers*, 803 S.W.2d 65, 67, 1990 Mo. App. LEXIS 1781, *8.

Having reviewed Swine Management's *ex parte* motion and the confidential release agreement attached thereto, I conclude that the statute is applicable under the circumstances and that the agreement was made in good faith.  First, the statute is applicable because the release agreement releases Swine Management from any and all potential liability Swine Management may face stemming from the alleged torts for which Great Plains seeks indemnity or contribution in its third-party action.  ECF 130-1 at § 4.  Second, the agreement appears to be the product of a good-faith negotiation, as both parties unequivocally expressed their intent to settle; both parties are represented by competent counsel; and the terms of the release agreement as a whole are fair, reasonable, and adequate in light of the underlying lawsuit.  *Accord Sharma*, 803 S.W.2d at 67.  For these reasons, the third-party claims asserted against Swine Management are subject to dismissal, and Swine Management is properly dismissed as a party from the action.

Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Defendant Swine Management Services' Motion to Approve Settlement and Dismiss the Third-Party Complaint

4

[121] is **GRANTED**.  Third-Party Plaintiff Great Plains Management's Amended Third-Party Complaint [54] is dismissed with prejudice, and Swine Management Services is dismissed as a party from this action.

**IT IS FURTHER ORDERED** that Plaintiff Spring Lake Pork's Motion for Joinder [125] is **GRANTED**.

**IT IS FURTHER ORDERED** that Third-Party Defendant Swine Management Services' Ex Parte Motion [130] is **GRANTED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of November, 2020.