UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **SPRING LAKE PORK, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:19CV18 HEA |
| ) | |
| **GREAT PLAINS MANAGEMENT,** ) | |
| **LLC, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on several discovery motions. For the reasons set forth below, Plaintiff's Motion to Quash Portions of Second Amended Notice of Deposition to Dr. Stephen D. Patterson [Doc. No. 153] will be granted, leave for Movant Dr. Patterson's Joinder in Plaintiff's Motion to Quash [Doc. No. 155] will be granted, and Defendants' Motions for Sanctions and for Rule to Show Cause [Doc. No. 158] and to Expedite Briefing [Doc. No. 159] will be denied.

### Background

These discovery disputes revolve around Dr. Patterson's deposition and documents requested by Defendants. Dr. Patterson, who is a third-party, was deposed in February and June 2021. After Dr. Patterson's February deposition was continued due to a scheduling conflict, Defendants served a Second Amended Notice upon Dr. Patterson's counsel to schedule the continuation of his deposition

in June 2021, which also sought a copy of any Joint Defense Agreement or common interest agreement between Dr. Patterson, his companies, and Plaintiff, and all communications between Dr. Patterson, Plaintiff, and Plaintiff's counsel regarding the claims and defenses in this case, his deposition, deposition preparation, his testimony in this case, and the previously served Subpoena. During his June deposition, Dr. Patterson's counsel instructed him to not answer questions about issues that impacted pork production at the farm, whether he or his company was party to any joint defense agreements or common interest agreements with Plaintiff and if he searched for the correspondence requested by Defendants in their Second Amended Notice.

    Plaintiff's Motion, which Dr. Patterson has requested to join, asserts this information is protected under the common interest doctrine as Dr. Patterson is protecting against potential direct claims from Defendants. Defendants' notice also requested documents previously subpoenaed from Dr. Patterson and his companies in March 2020, claiming he did not comply with their request. However, Plaintiff and Dr. Patterson both state in their motions that Dr. Patterson complied with Defendants' subpoena in April 2020.

    In Defendants' Motion, as to the requested documents, they claim they received some documents from Dr. Patterson in response to the subpoena, but do not believe everything was turned over. Defendants seem to argue they are entitled

to the requested information because during his February deposition, Dr. Patterson was instructed not to answer questions about conversations he had with counsel for Plaintiff on grounds of the purported application of a "joint defense privilege" and/or work product privilege, but a "common interest" privilege was not invoked until Plaintiff filed its Motion to Quash. Defendants also requests sanctions due to Dr. Patterson's refusal to answer their questions and the delay caused by not complying with their requests.

## Legal Standard

Third party subpoenas[1] are "subject to the same discovery limitations as those set out in Rule 26." *Taber v. Ford Motor Company*, No. 17–09005–MC–W–SWH, 2017 WL 3202736 at *2 (W.D. Mo. July 27, 2017), quoting *United States v. Blue Cross Blue Shield of Michigan*, No. 10–CV–14155, 2012 WL 4513600, at *5 (E.D. Mich. Oct. 1, 2012). Courts have wide latitude in deciding motions to quash civil, third-party subpoenas. *Pamida, Inc. v. E.S. Originals, Inc.,* 281 F.3d 726, 729 (8th Cir. 2002). The Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).

Generally, when otherwise privileged information is voluntarily disclosed to a third party, the attorney-client privilege is waived because "[a] communication is

---

[1] The Court recognizes Defendants' Second Amended Notice is not a subpoena, however, the information sought serves the same purpose as a subpoena and will be analyzed as such.

3

only privileged if it is made 'in confidence.'" *Blue Buffalo Company, Ltd. v. Wilbur-Ellis Company, LLC,* No. 4:14 CV 859 RWS, 2021 WL 5446730, at *2 (E.D. Mo. Nov. 5, 2021), quoting *In re Teleglobe Commc'ns. Corp.*, 493 F.3d 345, 361 (3d Cir. 2007) (citing Restatement (Third) of the Law Governing Lawyers § 68 (2000)). The "common interest doctrine" is an exception to the general rule that the attorney-client privilege is waived when privileged information is disclosed to a third party. *Shukh v. Seagate Tech., LLC,* 872 F.Supp.2d 851, 855 (D. Minn. 2012). The Eighth Circuit has recognized the common interest doctrine as follows:

> If two or more clients with a common interest in a litigated or non-litigated matter are represented by separate lawyers and they agree to exchange information concerning the matter, a communication of any such client that otherwise qualifies as privileged ... that relates to the matter is privileged as against third persons.

*In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 922 (8th Cir.1997). Because it is an exception to waiver, the common interest doctrine "presupposes the existence of an otherwise valid privilege, and the rule applies not only to communications subject to the attorney-client privilege, but also to communications protected by the work-product doctrine." *Pucket v. Hot Springs Sch. Dist. No. 23-2*, 239 F.R.D. 572, 583 (D.S.D. 2006), quoting *In re Grand Jury Subpoenas 89–3 & 89–4,* 902 F.2d 244, 249 (4th Cir.1990).

## Discussion

Here, Plaintiff and Dr. Patterson have asserted the information sought by Defendants is protected under the common interest doctrine. The Court agrees.

4

When a subpoena requires disclosure of privileged or other protected matter, as it does here, the Court must quash or modify the subpoena. Fed. R. Civ. P. 45(d)(3)(A)(iii). Plaintiff and Dr. Patterson clearly have a common interest in this matter. Although they are represented by separate lawyers, they have agreed to exchange information concerning this case, a communication of any such client that otherwise qualifies as privileged. *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d at 922. Dr. Patterson is an interested third party with respect to the subject matter of the communications, which are protected under the common interest doctrine.

As to Defendants' request for documents from Dr. Patterson and his companies in March 2020, Plaintiff states in its motion Dr. Patterson complied with the subpoena in April 2020. Dr. Patterson states the same in his Joinder Motion. Defendants state in their Motion, "a simple affidavit stating that [Dr. Patterson] conducted a reasonable search for documents within each category sought, and produced what he found, would have resolved this issue." As both Plaintiff and Dr. Patterson have confirmed the subpoena has been complied with, this issue is moot.

## Conclusion

The Court concludes the information sought by Defendants is protected under the common interest doctrine. Therefore, Plaintiff's Motion to Quash will be

5

granted. Further, because Plaintiff and/or Dr. Patterson did not impede, delay, or frustrate the fair examination during the deposition since the information is privileged, Defendants' Motion for Sanctions and for Rule to Show Cause will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash Portions of Second Amended Notice of Deposition to Dr. Stephen D. Patterson [Doc. No. 153] is **GRANTED**.

**IT IS FURTHER ORDERED** that leave for Movant Patterson's Joinder in Plaintiff's Motion to Quash [Doc. No. 155] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions and for Rule to Show Cause [Doc. No. 158] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Expedite Briefing of Motion for Rule to Show Cause and Sanctions [Doc. No. 159] is **DENIED as moot**.

Dated this 21st day of June, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE